<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

_____
:
MEREDITH L. MORROCCO,             :
                                  :
        Plaintiff,                :
                                  :          Civil Action No. 07-2486 (JAG)
        v.                        :
                                  :                **OPINION**
UNITED STATES OF AMERICA,         :
                                  :
        Defendant.                :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion by United States of America ("Defendant") seeking the grant of summary judgment, pursuant to FED. R. CIV. P. 56(c), against Meredith L. Morrocco ("Plaintiff"). For the reasons set forth below, this motion shall be denied.

**I.   FACTUAL BACKGROUND**

This is an action Plaintiff brought seeking recovery from Defendant of federal income taxes, interest and penalties erroneously assessed and collected. Specifically, Plaintiff is claiming income tax refunds for the tax years 1996 through 2003 as a result of losses claimed by Plaintiff's company, the Morrocco Group, LLC, during 2001, 2002 and 2003. (Def. R. 56.1 Statement at ¶ 1.) The Morrocco Group is a limited liability company and was formed on September 21, 1999. (<u>Id.</u> at ¶ 2.) Plaintiff and her mother, Marie Morrocco, were its members. (<u>Id.</u> at ¶ 3.) The Morrocco Group did not have a written operating agreement. (<u>Id.</u> at ¶ 4.) The funds invested in the Morrocco Group were derived from checks written on the checking account

of the Plaintiff's mother. (Id. at ¶ 5.) The Morrocco Group invested in Madison Financial, LLC., a company engaged in the business of factoring accounts receivable. (Id. at ¶ 6, Plaintiff's Statement of Material Facts at ¶ 6.) During 2001, 2002, and 2003, the Morrocco Group claimed ordinary losses of $1,093,505; $346,642; and $162,127, respectively. (Def. R. 56.1 Statement at ¶ 7.) The Morrocco Group sustained these losses because of large losses that Madison Financial incurred. (Id. at ¶ 8.) Plaintiff claimed one-half of these losses on her 2001, 2002, and 2003 income tax returns. (Id. at ¶ 9.) These losses resulted in Plaintiff reporting net operating losses in her 2001 and 2002 years and carrying them back as deductions to offset income she reported in her 1996 through 2000 tax years. (Id. at ¶ 10.) The Internal Revenue Service (IRS) examined Plaintiff's 1996 through 2003 income tax returns and determined that she was not entitled to claim losses from the Morrocco Group and that she was instead liable for penalties under Section 6662(a) in the amounts of $2,160.60; $10,140.00; $5,384.20; $12,329.00; $2,940.40; $5,349.40; $2,621.20; and $3,940.40 for her 1996, 1997, 1998, 1999, 2000, 2001, 2002 and 2003 tax years respectively. (Id. at ¶ 11.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). This Court shall "view the facts in the light most favorable to the

nonmoving party and draw all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence . . . ." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

When the moving party has the burden of proof on an issue at trial, that party has "the burden of supporting their motions 'with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'" In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex, 477 U.S. at 331); see also United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) ("When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." (emphasis in original) (internal citations omitted).) Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "If the motion does not

establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Foster v. Morris, 208 F. App'x 174, 179 (3d Cir. 2006).

### III.  ANALYSIS

Plaintiff brought this suit against Defendant to recover income taxes and penalties she alleges have been assessed and collected in error by the IRS. In its motion for summary judgment Defendant argues that Plaintiff is liable for back taxes, and penalties, under 26 U.S.C. § 6662(a)[1], which the IRS assessed after conducting an audit of Plaintiff's tax returns from 1996-2003. Plaintiff reported losses from the Morrocco Group's investment in Madison Financial without providing any documentation that substantiated that she had a "basis" (ownership interest) in the entity. Defendant claims that because Plaintiff wrote these losses off against her adjusted gross income during the aforementioned tax years, she underpaid her taxes. Plaintiff's failure to substantiate her 50% basis in the Morrocco Group is the reason her tax write-offs were rejected by the IRS and penalties imposed.

The IRS determined that Plaintiff was liable for penalties under Section 6662(a) for negligence for failing to keep adequate books and records or to substantiate items properly. Section 6662(a) imposes a 20% penalty on underpayments that are attributable to negligence or disregard of rules or regulations. Negligence is defined as failing "to keep adequate books and records or to substantiate items properly." Treas. Reg. § 1.6662-3(b)(1). Defendant argues that

---

[1] Section 6662(a) reads as follows: "(a) Imposition of penalty.–If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies." 26 U.S.C. § 6662(a) (2009).

because Plaintiff failed to keep adequate records to substantiate her reported losses, she is not entitled to a refund of the penalties she paid.

Since there was no partnership agreement, Plaintiff's entitlement to deduct shares of losses in a partnership is limited to the extent of the adjusted basis in the partnership at the end of the partnership year. See 26 U.S.C. § 704(d); Treas. Reg. § 1.704-1(d)(1). Tax deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). The tax payer has the burden of substantiating deductions. When such deductions are claimed from losses from a partnership that burden extends to substantiating her basis in the partnership. Coloman v. Comm'r, 540 F.2d 427, 429 (9th Cir. 1976)(citing Welch v. Helvering, 290 U.S. 111 (1933)).

Plaintiff claims a 50% ownership interest in the Morrocco Group. Plaintiff admits that only her mother wrote checks to capitalize the partnership but maintains that the Morrocco Group was set up to be a 50%-50% owned entity between Plaintiff and her mother, Marie Morrocco. Plaintiff states that she put money into her mother's account and not directly into the Morrocco group's account but that the contributions made to the Morrocco group by her mother included Plaintiff's 50% share of the money used to fund the partnership. Plaintiff states that she contributed her 50% share of the Morrocco Group towards the investment into Madison Financial, which incurred losses.

Plaintiff's father, Vincent Morrocco states that he managed the Morrocco Group's investments and established the Morrocco group for the benefit of his daughter, Meredith L. Morrocco, and his wife, Marie Morrocco. In an affidavit, Plaintiff's father states: "Since both my wife, Marie, and my daughter, Meredith were equal partners in the company, the Morrocco

Group was capitalized equally by both owners.  In other words, both Marie and Meredith contributed equal amounts of money to the company." (Aff. of Vincent Morrocco at ¶ 5.) Plaintiff's father also states that, "The investments were made to the Morrocco Group in the following manner: I would transfer Meredith's funds, from either her bank accounts, certificates of deposit or brokerage accounts into my wife Marie's checking account.  I would then write a check to the Morrocco Group from my wife's checking account, whereby I would sign my wife's name to the check.  Marie would always contribute the same investment amount as Meredith since both Marie and Meredith were 50% partners."  (Id. at ¶ 9.)  As an example of this practice, Vincent Morrocco states that, "On August 3, 2000, I withdrew $400,000 from [Plaintiff's] Heartland Securities account and deposited that amount into my wife Marie's checking account on August 8, 2000."  (Id. at ¶ 10.)

  Defendant's motion for summary judgment depends on a factual finding that Plaintiff did not have a 50% basis in the Morrocco Group.  On a motion for summary judgment, it is not the province of this Court to make factual findings, only to determine whether there exists a genuine issue as to a material fact.  This case turns on whether Plaintiff contributed 50% of the capital to fund the Morrocco Group's investment into Madison Financial, which later incurred the losses that Plaintiff wrote off on her taxes from 1996-2003.  Plaintiff maintains that she invested 50% of the funds used to capitalize the Morrocco Group.

  There exists a genuine issue of material fact as to whether Meredith Morrocco contributed 50% of the capital to fund the Morrocco Group, which would mean that she had a 50% basis in the partnership.  Accordingly, Defendant's motion for the grant of summary judgment is denied.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment shall be denied.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: September 30, 2009